IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SLEP-TONE ENTERTAINMENT
CORPORATION,

    Plaintiff,

v.                                    CASE NO. 1:10-cv-207-SPM-GRJ

DAVID MORGAN, et al.,

    Defendants.

_____/

## O R D E R

Pending before the Court is the Motion To Quash Service filed by Defendant Robert Kodritch.  (Doc. 53.) Plaintiff has filed a memorandum in response (Doc. 54) and, therefore, the motion is ripe for review. For the reasons discussed below, Defendant Kodritch's motion is due to be denied.

## DISCUSSION

This is an action by Plaintiff Slep-Tone, the manufacturer and distributor of karaoke accompaniment tracks sold under the name "Sound Choice," against more than twenty individuals and entities alleging that the Defendants used, reproduced, copied or counterfeited the Plaintiff's trademarked karaoke tracks, all of which constitutes trademark infringement, unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) and a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.211. Defendant, Kodritch, proceeding *pro se,* is alleged to be one of the violators who provided karaoke entertainment under the name "Main Act Entertainment."

In his motion to quash, Defendant Kodritch requests the Court to enter an order quashing service of process as defective because: (1) the process server did not endorse the summons with the date and hour of service and did not place his initials or identifying number on the summons as required by Florida law; and (2) there is no evidence that the person making service had the authority to do so

The relevant details surrounding service of the summons and complaint, as alleged by Defendant Kodritch, are as follows. Kodritch was performing his karaoke act at the Cornerstone Pub in Tampa, Florida on February 10, 2011 when he was approached by a unidentified male who stated to Kodritch: "Bob I have something for you from Harrington." (Doc. 53 p. 1.)  The individual then handed Kodritch a sealed envelope that contained a copy of the Complaint and a summons in this case. Based upon these events surrounding service of process Kodrtich contends that service of process should be quashed because service was not in strict compliance with Florida law.

There are two fundamental problems with Defendant's argument. First, because a clerk's default already was entered against the Defendant, he cannot challenge service without first obtaining an order from the Court vacating the clerk's default. Second, even if the Court set aside the default and permitted Plaintiff to go forward with the motion to quash, Defendant's challenge ignores the fact that Rule 4 of the Federal Rules of Civil Procedure does not make compliance with state law mandatory and instead authorizes personal service of process on a defendant by any individual who is at least 18 years of age.

Turning first to the procedural posture of this case, a clerk's default was entered

Case 8:11-cv-02046-JSM-EAJ   Document 56   Filed 06/13/11   Page 3 of 4 PageID 398

against the Defendant on April 13, 2011 (Doc. 43) because Defendant Kodritch had failed to file a response to the Complaint within 21 days of service as required.  The instant motion to quash was not filed until May 4, 2011, almost three weeks later. As such, the Defendant is not permitted to file a response to the Complaint until or unless the default has been set aside pursuant to Rule 55(c). Under Rule 55(c) in order to set aside a clerk's default Defendant Kodritch must show "good cause" for the nearly three month delay in filing a response.

Secondly, even assuming Defendant was successful in setting aside the default, his challenge to the sufficiency of service of process is without merit because his argument is based upon an incorrect reading of Rule 4 of the Federal Rules of Civil Procedure.

Rule 4(e) – the applicable provision addressing service of process upon an individual – provides in relevant part that an individual may be served by "following state law for serving a summons ... in the state where the district court is located or where service is made" *or* by "delivering a copy of the summons and of the complaint to the individual personally."  Rule 4(e)(2)(A). Thus, service may be made either in compliance with Florida state law or by personal service. Personal service under the Federal Rules may be made by "[A]ny person who is at least 18 years old and [who is] not a party." Rule 4(c)(2) Fed. R. Civ. P.

Defendant's sole challenge to service of process is based upon Florida law. Thus, so long as service of process was made in accordance with the personal service provision of Rule 4 Defendant's argument would fail even if service was not strictly in compliance with Florida law.  See Hanna v. Plumer, 380 U.S. 460, 473 (1965)(holding

that compliance with an earlier counterpart of now Rule 4(e)(2) was sufficient service of process even though the service effectuated would not have complied with state law requirements).

The proof of service filed by Plaintiff (Doc. 26, Ex. 7) under penalty of perjury provides that the process server, Alan D. Porter, personally served the summons upon Defendant Kodritch on February 10, 2011 at 3895 Northdale Blvd. Tampa, Florida. Defendant concedes in his motion to quash that he was personally handed an envelope at that address that contained a copy of the complaint in this case. Accordingly, because the Defendant was personally served with a copy of the summons and complaint on February 10, 2011 by an individual older than 18 years of age who is not a party to this case, service of process fully complied with the personal service requirements of Rule 4(e)(2)(A) of the Federal Rules of Civil Procedure and, therefore, Defendant's Motion to Quash Service (Doc. 53) is **DENIED**.

**DONE AND ORDERED** this 13th day of June 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge